**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-22164-KMM

JESUS PEREZ, *et al.*,

    Plaintiffs,

v.

WESTERN WORLD
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Western World Insurance Company's ("Defendant" or "Western World") Motion for Summary Judgment. ("Mot.") (ECF No. 25). Plaintiffs Jesus Perez and Susana Perez (collectively, "Plaintiffs") failed to file a response and the time to do so has passed.[1] *See* S.D. Fla. L.R. 7.1(c)(1). The Motion is now ripe for review.

---

[1] On January 7, 2022, the Court ordered the Parties to show cause why this case should not be dismissed for failure to comply with this Court's orders because (1) Plaintiffs had been "generally unresponsive" to Defendant's discovery requests, and Plaintiffs' depositions were scheduled for after the deadline to conduct discovery in this case, and (2) the Parties failed to file a Notice of Scheduling Mediation, and mediation had not been scheduled to occur by the deadline to conduct mediation. *See generally* (ECF No. 23). The Parties filed their respective responses. (ECF Nos. 29, 30). In its response, Defendant reiterated that Plaintiffs had been generally unresponsive to Defendant's discovery requests, had taken no depositions, disclosed no expert witnesses, and propounded no written discovery in this case. (ECF No. 29) at 1–3. Further, Defendant informed the Court that Plaintiffs had filed a potentially related lawsuit in state court, wherein Plaintiffs sued the alleged perpetrators of the property damage at issue in the instant case, for which Plaintiffs assert they are entitled to insurance coverage. *Id.* at 5. Defendant stated that, in the state-court lawsuit, Plaintiffs sought property damages from the alleged perpetrators in the amount of $27,333.45, but in the instant case Plaintiffs estimated the property damage at nearly $160,000.00. *Id.* Accordingly, Defendant requested that the Court grant its instant Motion for Summary Judgment, or in the alternative, dismiss this case with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at 9. Conversely, Plaintiffs' one-page response stated that "[c]omputer issues, Covid issues, and the Holidays" prevented Plaintiffs from

**I.    BACKGROUND**[2]

This is an insurance contract dispute arising under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs Jesus Perez and Susanna Perez are citizens of Florida. ("Not. Removal") (ECF No. 1) ¶¶ 6–7. Defendant Western World Insurance Company is a New Hampshire corporation with its principal place of business in New Jersey. *Id.* ¶ 8. Defendant asserts that Plaintiffs claim damages in the amount of $159,357.28. *Id.* ¶ 10.

Plaintiffs filed this case on April 23, 2021 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting a single claim for breach of contract. *See generally* ("Compl.") ((ECF No. 1-1) at 4–5). Plaintiffs' Complaint alleges that Plaintiffs own a property covered by an insurance policy issued by Defendant, the subject property was damaged on September 14, 2020 by vandalism, and this loss is covered under the policy issued by Defendant. *Id.* ¶¶ 3–4, 7. According to Plaintiffs, they submitted a claim to Defendant for the

---

complying with this Court's orders. (ECF No. 30) at 1. Specifically, Plaintiffs informed the Court that "computer issues" prevented Plaintiffs' counsel from syncing and preparing documents, and that some materials were lost when new programs were installed to repair those computer issues. *Id.* Accordingly, Plaintiffs stated that they "would move this Honorable Court to continue the Trial in this matter so the parties can fully comply." *Id.* However, as noted above, Plaintiffs failed to file a response to Defendant's Motion for Summary Judgment. *See* S.D. Fla. L.R. 7.1(c)(1). Nor did Plaintiffs seek an extension of the deadline to file the same. Rather, the only extension Plaintiffs requested was a continuance of the trial, which was not filed separately on the docket. (ECF No. 30) at 1. Accordingly, the Court deems Defendant's Motion for Summary Judgment unopposed and submitted for the Court's review.

[2]  The undisputed facts are taken from Defendant's Statement of Material Facts in Support of Motion for Summary Judgment ("Def.'s 56.1") (ECF No. 24) and a review of the corresponding record citations and exhibits. In failing to file a response, Plaintiffs also failed to file a Statement of Material Facts to "challenge any purportedly material fact asserted by [Defendant] that [Plaintiffs] contend[] is genuinely in dispute." *See* S.D. Fla. L.R. 56.1(a)(2). The Local Rules further provide that "[a]ll material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply." *Id.* r. 56.1(c).

loss, demanded that Defendant pay the loss in full, Defendant failed to pay the full amount of the loss, and as a result, Defendant has breached the insurance contract. *Id.* ¶¶ 6, 11–14. On June 11, 2021, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Not. Removal.

The undisputed facts are as follows.

Defendant's hybrid expert, Mr. Ethan Finley, inspected Plaintiffs' property before Plaintiffs filed this suit and found that the covered damages fell below the applicable policy deductible. Def.'s 56.1 ¶ 4 (citing Def.'s 56.1 Ex. 2 "Finley Rept." (ECF No. 24-2)). Mr. Finley determined that the Replacement Cost Value ("RCV") of Plaintiffs' loss is $1,526.74, and that the Actual Cash Value ("ACV") of the loss is $1,180.44. Def.'s 56.1 ¶ 5 (citing Finley Rept. at 1). According to the policy Defendant issued, Plaintiffs' deductible is $2,500.00. Def.'s 56.1 ¶ 6 (citing Def.'s 56.1 Ex. 3 "Policy" (ECF No. 24-3) at 10). According to Defendant, Mr. Finley determined that the condition of Plaintiffs' property was the result of normal wear and tear. Def.'s 56.1 ¶ 7 (citing Finley Rept. at 2–3). However, review of Mr. Finley's report indicates a slightly more nuanced opinion. *See* Finley Rept. at 2 ("The insured is claiming vandalism to the unit. Most all the above appear to be a wear and tear of the materials. There are other items that appear to be betterments by the tenant. There are few items that could be considered vandalism."); *id.* at 3 ("All damages on the property appear consistent with what we typically see after [a] tenant move[s] out of a property, but some could be viewed as vandalism."). Nonetheless, the subject insurance policy does not cover normal wear and tear. Def.'s 56.1 ¶ 8 (citing Policy at 75–76) ("2. We will not pay for loss or damage caused by or resulting from any of the following: [. . .] d.(1) Wear and tear.").

It is undisputed that the only repair estimate Plaintiffs proffered in this case is a Replacement Cost Value ("RCV") estimate from Apex Estimating, which Plaintiffs submitted to

Defendant pre-suit before filing the Complaint in this case. Def.'s 56.1 ¶ 10 (citing ("Apex Rept.") ((ECF No. 1-1) at 34–57)). Review of the Apex Estimating Report indicates that it contains columns for RCVs, depreciation, and ACVs—for each line item in the report, the values in the ACV column equal the corresponding value in the RCV column, and no values are listed in the "Depreciation" column. *See generally* Apex Rept.

It is also undisputed that the subject insurance policy provides as follows:

> 3. Replacement Costs
>    a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.
>    b. This Optional Coverage does not apply to:
>       (1) Personal property of others;
>       (2) Contents of a residence;
>       (3) Works of art, antiques or rare articles, including etchings, pictures, statuary marbles, bronzes, porcelains and bric-a-brac; or
>       (4) "Stock", unless the Including "Stock" option is show in the Declarations.
>       Under the terms of this Replacement Cost Optional Coverage, tenants' improvements and betterments are not considered to be the personal property of others.
>    c. You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverages this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.
>    d. ***We will not pay on a replacement cost basis for any loss or damage***:
>       (1) ***Until the lost or damaged property is actually repaired or replaced***; ***and***
>       (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

Def.'s 56.1 ¶ 11 (quoting Policy at 57) (emphasis in Def.'s 56.1 ¶ 11).

Now, the Court considers Defendant's Motion for Summary Judgment. *See generally* Mot.

**II.   LEGAL STANDARD**

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*,

4

477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### III.   DISCUSSION

Defendant argues that it is entitled to summary judgment in two respects. First, Defendant argues that breach of insurance contract claims generally require expert evidence to prove

causation and damages, but Plaintiffs failed to disclose any experts or otherwise proffer any evidence to rebut Defendant's expert's conclusions relating to the claimed property damage in this case. Mot. at 5–7. Second, Defendants argue that (i) Plaintiffs' only estimate of loss in this case is a Replacement Cost Value ("RCV") estimate, (ii) Plaintiffs are not entitled to recover under the subject insurance policy on an RCV basis until they complete repairs to the insured property, (iii) there is no record evidence that Plaintiffs completed repairs, and (iv) there is otherwise no record evidence of the Actual Cash Value ("ACV") repair costs in the alternative. Mot. at 7–13.

Plaintiffs failed to file a response. Consequently, Defendant's Motion is unopposed, the arguments therein are unrebutted, and the record evidence in support thereof is undisputed. In deciding an unopposed motion for summary judgment, courts nonetheless "must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In so doing, courts need not "*sua sponte* review all of the evidentiary materials on file . . . but must ensure that the motion itself is supported by evidentiary materials." *Id.* At a minimum, courts "must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.*

As to the record evidence in this case, the Court finds that the evidence cited by Defendant is uncontroverted because Plaintiffs failed to file an opposing statement of material facts identifying which portions of Defendant's Statement of Material Facts were "disputed" or "undisputed," with corresponding record citations. *See* S.D. Fla. L.R. 56.1. Plaintiffs' failure to do so results in Defendant's Statement of Material Facts, which is supported by properly cited record evidence except as identified above, being deemed admitted.[3] *See* S.D. Fla. L.R. 56.1(c);

---

[3] Defendant's Statement of Material Facts contains paragraphs that are not supported by citation to record evidence; however, these paragraphs point out the absence of record evidence in support of Plaintiff's case. Def.'s 56.1 ¶¶ 2, 9, 12.

*see also Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) ("In upholding the exercise of courts' discretion to apply deeming orders, our sister circuits have repeatedly stressed the vital function of rules such as Local Rule 56.1, reinforcing stern admonitions with rather colorful imagery. We hold the rule in similarly high esteem." (citations omitted)).

### A. Principles of Contract Law.

As noted earlier, Plaintiffs' Complaint alleges a single claim for breach of contract. *See generally* Compl. "To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages." *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. Dist. Ct. App. 2017) (citing *Murciano v. Garcia*, 958 So. 2d 423 (Fla. Dist. Ct. App. 2007)). "To constitute a vital or material breach, a party's nonperformance must 'go to the essence of the contract.' A party's 'failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach.'" *Covelli Fam., L.P. v. ABG5, L.L.C.*, 977 So. 2d 749, 752 (Fla. Dist. Ct. App. 2008) (quoting *Beefy Trail, Inc. v. Beefy King Intern., Inc.*, 267 So. 2d 853, 857 (Fla. Dist. Ct. App. 1972)). "Generally, whether there has been a breach of the terms of a contract is a question of fact for the factfinder." *Bryka Skystocks, LLC v. Skystocks, Inc.*, No. 11-CV-62135, 2013 WL 12090022, at *2 (S.D. Fla. June 11, 2013) (citing *Ness Racquet Club, LLC v. Ocean Four 2108, LLC*, 88 So. 3d 200, 203 (Fla. Dist. Ct. App. 2011)). Moreover, "[w]hether a breach is material is a question of fact to be determined by the trier of fact." *Id.* at *3 (citing *Haiman v. Federal Ins. Co.*, 798 So.2d 811, 811–12 (Fla. Dist. Ct. App. 2001)).

### B. Plaintiffs Fail to Adduce Competent Evidence of Damages.

Defendant first argues that it is entitled to summary judgment because breach of insurance contract claims generally require expert evidence to prove causation and damages, but Plaintiffs

7

failed to disclose any experts or otherwise proffer any evidence to rebut Defendant's hybrid expert's conclusions relating to the claimed property damage in this case. Mot. at 5–7.

The Court agrees.

"In insurance coverage disputes such as this, it is well-settled that expert evidence is generally necessary to establish the cause and scope of damage." *Porben v. Atain Specialty Ins. Co.*, — F. Supp. 3d —, No. 20-23544-CIV, 2021 WL 4991096, at *5 (S.D. Fla. May 25, 2021). "Where a plaintiff cannot show evidence that their loss is covered, a plaintiff 'cannot show [Defendant] breached the terms of the Policy by refusing to pay their claim.'" *Mama Jo's, Inc. v. Sparta Ins. Co.,* No. 17-CV-23362-KMM, 2018 WL 3412974, at *9 (S.D. Fla. June 11, 2018), *aff'd*, 823 F. App'x 868 (11th Cir. 2020) (alteration in original) (granting summary judgment because, "without its experts, Plaintiff cannot show that the construction dust and debris from 2014 caused the alleged 'direct physical loss' to their awnings, retractable roof, HVAC system, railings, and audio and lighting system"). Further, "[w]hen the non-moving party bears the burden of proof on an issue at trial," as Plaintiffs do in this case on their breach of contract claim, "the moving party need not 'support its motion with affidavits or other similar material negating the opponent's claim,' in order to discharge this initial responsibility." *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (quoting *Celotex*, 477 U.S. at 434). "Instead, the moving party simply may 'show'—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 325) (alterations incorporated).

Here, Defendant asserts that Plaintiffs have not disclosed any expert witnesses, and thus

8

Plaintiffs "cannot prove either causation or damages for their cause of action."[4] Mot. at 6–7; *see also* Def.'s 56.1 ¶¶ 2, 9. Plaintiffs have not responded in opposition to Defendant's Motion for Summary Judgment, rebutted any of Defendant's arguments, or otherwise disputed any of the material facts asserted in Defendant's Statement of Material Facts. Accordingly, it is undisputed that Plaintiffs have not adduced any expert witness evidence to establish causation or damages for their insurance contract claim. For this reason, Defendant is entitled to summary judgment.

### C. Plaintiffs Fail to Adduce Evidence that Defendant Breached the Insurance Policy.

Nonetheless, Defendant is still entitled to summary judgment as a matter of law *even if* a trier of fact considered Plaintiffs' Apex Estimating Report as evidence of damages, which was provided to Defendant pre-suit and not later disclosed as an expert report pursuant to Rule 26(a)(2)(A), (B) of the Federal Rules of Civil Procedure.[5] As noted above, Defendant argues that the Apex Estimating Report estimate is an RCV-only estimate. Mot. at 4, 12; *see also* Def.'s 56.1 ¶ 10 ("The only repair estimate Plaintiffs ever submitted was an RCV-only estimate from Apex Estimating that Plaintiffs submitted to Western World pre-suit."). Accordingly, Defendant argues that Plaintiffs have failed to adduce record evidence establishing that Defendant breached the insurance policy because Plaintiffs are not entitled to recover under the subject insurance policy on an RCV basis until they complete repairs, and there is no record evidence that Plaintiffs completed repairs. *Id.* at 7–13.

The Court agrees.

---

[4] Defendant disclosed Mr. Finley as an expert witness on November 18, 2021. See Def.'s 56.1 Ex. 1 (ECF No. 24-1).

[5] As best the Court can tell, the Apex Estimating report does not list an individual author—"Apex Estimating, Inc. – LVL3 Certified Estimator" is listed as the "Estimator" in the report. Apex Rept. (ECF No. 1-1) at 34.

Because Plaintiffs failed to file a response or otherwise file a Response Statement of Material Facts, Defendant's assertion that the Apex Estimating Report is an RCV-only estimate is unrebutted and this fact is undisputed. Further, upon review of the Apex Estimating Report, the Court finds that Defendant is correct that the Apex Estimating Report is an RCV estimate and is not an ACV estimate. *See* Mot. at 4, 12. Here, as the Court noted earlier, for each line item in the Apex Estimating Report, the values listed in the ACV column are the same as the corresponding amounts in the RCV column—no values are listed in the "Depreciation" column. *See generally* Apex Rept. Accordingly, because the amounts listed in the ACV column do not account for deprecation, they are RCVs, not ACVs. *See Metal Prod. Co., LLC v. Ohio Sec. Ins. Co.*, No. 21-11612, 2022 WL 104618, at *2–3 (11th Cir. Jan. 11, 2022) (affirming grant of summary judgment where district court found that amounts listed in ACV column of an estimate were, in fact, RCVs because the amounts in the ACV column were the same as the amounts in the corresponding RCV column and the estimate did not include any amounts for depreciation).

And, as noted above, the subject policy at issue in this case does not obligate Defendant to make payment on insurance claims based on RCVs "until the lost or damaged property is actually repaired or replaced, and unless the repairs or replacement are made as soon as reasonably possible after the loss or damage." Def.'s 56.1 ¶ 11 (quoting Policy at 57). For nearly identical language in insurance policies in other cases, the Eleventh Circuit has observed as follows:

> We must interpret the terms of insurance policies "in accordance with the plain language of the policies as bargained for by the parties." *Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So. 2d 467, 470 (Fla. 1993). When "a policy provision is clear and unambiguous, it should be enforced according to its terms" and we "may not rewrite" it. *Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (quotation marks omitted).
>
> The insurance policy provides that a claim for replacement cost value will not be paid "[u]ntil the lost or damaged property is actually repaired or replaced" and "[u]nless the repairs or replacement are made as soon as reasonably possible after

> the loss or damage." That "until and unless" provision is plain and unambiguous. It means that Empire was not obligated to pay CMR the replacement cost value until CMR had actually made the repairs and incurred the costs of doing so. *See Ceballo v. Citizens Prop. Ins. Corp.*, 967 So. 2d 811, 815 (Fla. 2007) ("[C]ourts have almost uniformly held that an insurance company's liability for replacement cost does not arise until the repair or replacement has been completed.") (quoting *State Farm Fire & Cas. Co. v. Patrick*, 647 So. 2d 983 (Fla. 3d DCA 1994)).

*CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 192 (11th Cir. 2021). Similarly, for Plaintiffs to establish that Defendant breached the insurance contract given the RCV estimates Plaintiffs provided to Defendant pre-suit, Plaintiffs must adduce record evidence that "the lost or damaged property [was] actually repaired or replaced" to trigger Defendant's obligation to make payment. Policy at 57.

However, Defendant asserts that there is no evidence in the record that any repairs were attempted or made to the subject property. Mot. at 7, 13; Def.'s 56.1 ¶¶ 12, 12 n.1. Thus, the burden shifts to Plaintiffs to adduce record evidence that they have completed repairs. *Rice-Lamar*, 232 F.3d at 840. But, where Plaintiffs have otherwise not responded to the instant Motion for Summary Judgment, Plaintiffs have failed to bear their minimum burden. Consequently, Plaintiffs have not adduced evidence upon which a reasonable jury could find that Defendant breached the insurance contract at issue in this case because Plaintiffs have failed to adduce evidence that Defendant was obligated to issue any payment to Plaintiffs.[6] *See Metal Prod. Co., LLC v. Ohio Sec. Ins. Co.*, No. 21-11612, 2022 WL 104618, at *2–3 (11th Cir. Jan. 11, 2022).

For these reasons, Defendant is entitled to summary judgment.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being

---

[6] In fact, Plaintiff Jesus Perez's testimony at his untimely-held deposition confirms that, as of January 7, 2022, no repairs had been made to the subject property. (ECF No. 26-1) at 40:23–41:4; *id.* at 41:15–18; *id.* at 51:13–16.

11

otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant Western World Insurance Company's Motion for Summary Judgment (ECF No. 25) is GRANTED. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment shall be entered by separate order. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this *2nd* day of February, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record